Lopez v Rodriguez (2025 NY Slip Op 05633)

Lopez v Rodriguez

2025 NY Slip Op 05633

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Manzanet-Daniels, J.P., Moulton, González, Rosado, Chan, JJ. 

Index No. 158166/23|Appeal No. 4928|Case No. 2024-04927|

[*1]Daniel Lopez, Plaintiff-Respondent,
v
Danilo Rodriguez, Defendant-Appellant. 

Law Office of Proietto, Peek & Elliott, Melville (Kate L. Dorney of counsel), for appellant.
Mitchell Dranow, Sea Cliff, for respondent.

Order, Supreme Court, New York County (James G. Clynes, J.), entered on or about July 9, 2024, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Supreme Court properly denied defendant's motion for summary judgment because triable issues of fact exist as to how the collision occurred given the parties' conflicting accounts (see Rawls v Simon, 157 AD3d 418, 418 [1st Dept 2018]; Gyamfi v Citywide Mobile Response Corp., 146 AD3d 612, 612 [1st Dept 2017]). In his affirmation, defendant, who was driving his car, stated that he was at a full stop at the red traffic light signal. When the light turned green, he entered the intersection. Defendant maintains that it was only when he was in the middle of the intersection that he first saw plaintiff's motorcycle coming towards the driver's side of his car. By contrast, plaintiff testified and affirmed in his opposing papers that as he reached the crosswalk for the intersection his traffic light signal turned yellow and remained yellow as he entered the intersection. Given these differing accounts about the occurrence of the accident, defendant's motion for summary judgment was properly denied (see G.G.N. v Ramos, 171 AD3d 619, 621 [1st Dept 2019]). Indeed, such conflicting versions of how the collision occurred raises credibility issues, "and it is not the court's function on a motion for summary judgment to assess credibility" (Rawls, 157 AD3d at 419 [internal quotation marks omitted]). Notwithstanding defendant's assertions to the contrary, neither the video footage of the collision nor the still images taken from that video resolves the parties' conflicting accounts. For example, the traffic light signal cannot be seen in either the video or the still images. Similarly, the pedestrian "walk" signal display is virtually indiscernible. Accordingly, given their inconclusive nature, these materials failed to demonstrate the absence of a triable issue of fact (see Miranda-Lopez v New York City Tr. Auth., 177 AD3d 431, 431-432 [1st Dept 2019]).
Nor was the police accident report sufficient to eliminate all issues of fact as to defendant's negligence. Far from demonstrating that plaintiff's version of events is demonstrably false, the report merely confirms that the question of how the accident occurred is a "classic dispute of fact" that should be left to a jury (see Ramos v Rojas, 37 AD3d 291, 292 [1st Dept 2007]; cf. Carthen v Sherman, 169 AD3d 416, 417 [1st Dept 2019] [reversing denial of summary judgment dismissing complaint where plaintiff offered "internally contradictory deposition testimony" that also "contradict[ed] every other piece of evidence in the record," including photographs of the damaged vehicle and a police report]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025